IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES R.A. GILBERT, JR.,      *
    Petitioner,                 *
                                *
                                *
    vs.                         *     Civil Action No. 10-cv-1440-AW
                                *
GARY BANGS,                     *
*Director of industry Operations*   *
*Baltimore Field Division*      *
*Bureau of Alcohol, Tobacco,*   *
*Firearms and Explosives*       *
    Respondent.                 **

******

**MEMORANDUM OPINION**

The matters currently before the Court are a motion for summary judgment by Respondent Gary Bangs, the Director, Industry Operations of the Baltimore Field Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"), with the U.S. Department of Justice, *see* Doc. No. 13, and a motion for leave to file a surreply by Petitioner Charles Gilbert ("Gilbert"), *see* Doc. No. 29. Gibert's complaint seeks judicial review of ATF's denial of his application for a license to deal in firearms. Doc. No. 1. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons stated more fully below, the Court will GRANT ATF's motion for summary judgment and DENY Gilbert's surreply.

    **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are either undisputed or construed in the light most favorable to Gilbert, and are based primarily on documents in the administrative record (cited as "AR"), which was filed on October 1, 2010, and contains the much of the evidence referenced by the parties in this matter. Gilbert is the present owner of Gilbert Indoor Range, LLC, ("GIR"), which operates an indoor firearms range, and the former owner of American Arms International ("AAI").

At some point around 1984, AAI secured a federal firearms dealers license to sell firearms and ammunition. AAI's license was later revoked in administrative proceedings beginning in 2006 because an inspection of Gilbert's operations revealed a multitude of record-keeping and other violations of the Gun Control Act of 1968 ("GCA"), *as amended*, 18 U.S.C. §§ 921-930, Pub.L. No. 90-618, 82 Stat. 213 (1968).[1]

Under 18 U.S.C. § 923(g)(1)(A), every licensed firearms dealer must maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe. It is unlawful for a licensed dealer knowingly to make any false entry in, to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 or regulations promulgated thereunder. 18 U.S.C. § 922(m). The Attorney General may revoke a license for willful violations of this statute, after notice and opportunity for a hearing. 28 U.S.C. § 923(e). After a revocation, the aggrieved party may petition for *de novo* review to the United States District Court within 60 days. 18 U.S.C. § 923(f)(3).

---

[1] The District Court for the District of Maryland (Judge Chasanow) upheld the revocation in 2008, *Am. Arms Int'l v. Herbert*, No. DKC 2006-2468, 2008 WL 8098466 (D. Md. Feb. 19, 2008) (unpublished disposition). The Fourth Circuit affirmed the District Court in 2009, *Am. Arms Int'l v. Herbert*, 563 F.3d 78 (4th Cir. 2009).

ATF inspectors found violations of the provisions detailed above after inspections of Gilbert's businesses in 1984, 1987, 1991, 2000, and 2003. Following the August 2003 inspection, as detailed in the Fourth Circuit's opinion:

> ATF issued a notice of Revocation of License to AAT on January 21, 2005. The Notice indicated that AAI had willfully violated the provisions and regulations of the GCA and it detailed the aforementioned history of noncompliance. On January 13, 2006, the ATF issued a Notice of Denial for GIR's application for renewal of its federal firearms license.
>
> At Gilbert's request, a hearing regarding these decisions was held before an ATF Hearing Officer on March 30, 2006. At this hearing, Gilbert, represented by counsel, introduced no evidence to contest the factual basis for the revocation and denial, and he refused to testify when called as a witness by the Government. On May 22, 2006, the Hearing Officer issued his report, recommending revocation and denial.
>
> On June 24, 2006, ATF's Director of Industry Operations for the Baltimore Field Division, Arthur Herbert, issued a Final Notice of Revocation/Denial to Gilbert. The Final Notice stated that Gilbert had "willfully engaged in repeat violations of the Gun Control Act." At Gilbert's request, ATF stayed the effective date of the revocation pending review by the United States District Court for the District of Maryland pursuant to 18 U.S.C. § 923(f) (3) (2006).
>
> Gilbert's petition for review asked the district court to "1) decide that ATF erred and was not authorized to revoke AAI's license or to deny GIR's license application; 2) order ATF to withdraw the revocation and denial; and 3) award such other relief, including costs and attorney's fees ... as appropriate." Instead, the district court granted summary judgment to ATF on February 19, 2008.

*Am. Arms Int'l*, 563 F.3d at 81 (citations omitted).

Following the August 2003 inspection, ATF found that Gilbert engaged in subsequent violations of the GCA and related regulations which served as additional bases for denying his application for a license.

First, the Director of Industry Operations (DIO) found that, following the August 2003 inspection, Gilbert had willfully failed to report the theft/loss of nineteen firearms in violation of 18 U.S.C. § 923 (g) (6) and 27 C.F.R. § 478.39a. AR at 9. Gilbert was notified both during the August 2003 inspection and on October 14, 2003, that he needed to report firearms missing from his inventory. *See id*. According to Gilbert, he did not know the 19 firearms were missing, *see* Doc. No. 21 at 27.

Second, inspections conducted in 2008 following the revocation of AAI's firearms license February 20, 2008, revealed subsequent conduct by Gilbert or his employees taking orders for firearms and accepting payments for firearms. AR at 9-11.The ATF found that these actions constituted the continued business of dealing in firearms in violation of 18 U.S.C. §§ 922(a)(1)(A) and 18 U.S.C. § 921(a)(21)(C), (a)(22). Specifically, Gilbert or his employees continued to take orders for the purchase of new firearms on February 21, 2008 and March 4, 7, and 10, 2008, after Gilbert had been advised not to do so. AR at 9-11. Gilbert contended that his employees took the orders for the firearms rather than himself, Doc. No. 21at 29, but the Director of Industry Operations rejected this argument, AR at 9-12.

The underlying facts regarding these sales are not contested. Once an order was taken from a customer, Gilbert or his employees would put in an order to a supplier. Pursuant to an agreement with Engage Armament, a federally licensed firearms dealer, the firearms would be received and transferred through Engage's license in exchange for Engage's sharing $30 in the sale proceeds. HT 316-319. Payment to the supplier was made from Gilbert's business account.

HT at 310-11. The firearms would be shipped to Engage, the licensed dealer, and run through Engage's books, but customers would pay Gilbert's business for the firearm. HT at 312-13, 316.

Third, On March 6 and March 21, 2008, Gilbert ordered firearms, paid for with business funds. Gilbert received and signed for the March 21, 2008 order at his place of business. The ATF found these transactions to violate 18 U.S.C. § 922(a) (1) (A), (6), and (a) (3). Gilbert acknowledged that he personally ordered the firearms but stated that he had ordered them prior to the revocation of AAI's license, and that they were sent to his place of business in error, and that he signed for the packages not knowing what they contained. Doc. No. 1 at 21-23.

According to the Administrative Record filed with the Court, after the revocation of AAI's federal firearms dealers license, Gilbert submitted an application to the ATF for a new license on approximately October 20, 2008. AR at 946-953. Gilbert listed his own name as the "Name of Owner or Corporation." AR at 948. Gilbert provided the address where he had sold firearms during his business' last year of licensed activity in the section of the form requesting "Business Address" *Id.* The application form also asked whether the "Applicant or any Person [previously identified as an Individual Owner, Partner, and Other Responsible Person[ ] in the Business]" had previously "Held a Federal Firearms License," "Been an Officer in a Corporation Holding a Federal Firearms License," "Been an Employee of a Federal Firearms Licensee," or "Had a Federal Firearms License Revoked." AR at 949-50. Gilbert marked "Yes" as his response for all of those questions. AR at 950.

ATF denied Gilbert's application in an initial Notice of Denial on June 23, 2009, on the basis that Gilbert was the chief responsible person for his AAI and GIR businesses and that he was responsible for multiple willful violations that supported revocation of AAI's license. AR at 3, 9. Following an administrative hearing, Gilbert received on April 23, 2010 a Final Notice of

Denial of his application along with findings of fact and conclusions of law from the administrative hearing. Doc. No. 1 at 2.

## II. STANDARD OF REVIEW

Gilbert challenges the ATF's denial of his license application pursuant to 18 U.S.C. § 923(f). The district court exercises *de novo* review. 18 U.S.C. § 923 (f) (3). Under the *de novo* standard of review for a decision of the ATF, the district court may give the agency's finding and decision "'such weight as it believes they deserve,' but need not accord any particular deference to those findings." *Article II Gun Shop, Inc. v. Ashcroft*, No. 03-4598, 2005 WL 701053 (N.D. Ill. Mar.25, 2005) (quoting *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir.1980)). Where appropriate, the reviewing court can receive and consider evidence in addition to that submitted in the administrative proceeding. *DiMartino v. Buckles*, 129 F. Supp.2d 824, 827 (D. Md. 2001). The court can grant summary judgment, however, without conducting an evidentiary hearing if it is clear from the pleadings and exhibits that no genuine issue of material fact exists. *Id.* The revocation "may be upheld if the court concludes, in its own judgment, that the evidence supporting the ... decision is 'substantial.'" *Stein's*, 649 F.2d at 467. Notwithstanding the posture of this case as an appeal of an administrative decision, the summary judgment standard is the same as in any other civil action.

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded

to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

### III.     ANALYSIS

ATF has moved for summary judgment contending that ATF was authorized to deny Gilbert's application based on hundreds of willful violations that supported revoking AAI's firearms license. In his opposition, Gilbert argues that: (1) the court may not consider the administrative record in this case; (2) the five-year statute of limitations in 28 U.S.C. § 2462 bars consideration of any acts by Gilbert under AAI's license; (3) the material facts remain in dispute; and (4) willful violations by AAI cannot be attributed to Gilbert.

The primary question here is whether the ATF, in exercising its authority to revoke or deny firearms licenses, was "authorized" to deny Mr. Barany's application. 28 U.S.C. § 923(f)(3) (describing the scope of judicial review); 28 C.F.R. § 0.130(a)(1) (Attorney General's delegation of authority to the ATF to revoke or deny firearms licenses); *see also Pinion Enterprises, Inc. v. Ashcroft*, 371 F. Supp. 2d 1311, 1315 (N.D. Ala. 2005) (finding that § 923(f)(3) "does not call upon this Court to decide whether it would revoke the license in it[ ]s own judgment, but whether

all of the evidence presented is sufficient to justify the Attorney General's revocation of the license.").

   A.   Consideration of the Administrative Record

Gilbert contends that the administrative record should not be considered in this Court's summary judgment determination because it is not part of the pleadings, discovery, or disclosure materials on file as required by Rule 56 (c) (2). Doc. No. 21 at 4. Gilbert argues that the administrative record is unsworn and unauthenticated, and analogizes to *Orsi v. Kirkwood*, a Fourth Circuit case in which the court found that it is "well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." 999 F.2d 86, 92 (4th Cir. 1993). The case in *Orsi* arose under the Interstate Land Sales Full Disclosure Act, and the unsworn and unauthenticated documents at issue were three letters, only one which was signed, and the unsigned minutes of a homeowner's meeting. *See id.* at 91.

The Court finds that *Orsi* is not on point for two reasons. First, the matter presently before this Court is subject to review under 18 U.S.C. § 923(f)(3), which states that the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing. Second, the documents comprising the administrative record are, *inter alia*, the Firearms Theft/Loss Report, AR at 576-580, Gilbert's Affidavit, AR at 590-604, Transcripts of the Hearing denying Gilbert's application for a firearm's license, AR at 123-272, and the Opinions of this Court and the Fourth Circuit Court of Appeals in the revocation of AAI's license, AR at 62-85. These materials comprised the record at Gilbert's administrative hearings where he had an opportunity to challenge their authenticity. They do not raise the same concerns as the unsigned letters in *Orsi*.

Furthermore, this Court finds that the Fourth Circuit's decision to consider the administrative record in *American Arms International v. Herbert* is directly on point. *See* 563

F.3d 78, 86 (4th Cir. 2009). In that case, which involved the denial of AAI's license, Gilbert raised the same argument, and the court held that "an administrative record is a duly authenticated record that enjoys a presumption of verity." *Id.* at 86 n.12 (citing *Langston v. Johnson*, 478 F.2d 915, 917-18 (D.C.Cir.1973)). The court went on to note that "[i]n an appeal of agency action, that record, unless somehow contradicted, satisfies the agency's initial burden of demonstrating the absence of any genuine issue of material fact." *Id.* (citations omitted). Gilbert failed to present facts demonstrating that the administrative record in this case is any less trustworthy than the record the Fourth Circuit found to be "duly authenticated" in *American Arms*. In fact, the administrative record in *American Arms* contains many of the same documents present in this administrative record. Accordingly, the Court finds that consideration of the administrative record is proper in this case.

### B. Statute of Limitations

Gilbert contends that the ATF improperly relied on all the violations that occurred before the October 27, 2003 inspection of AAI in denying Gilbert's application because of a five year statute of limitations contained in 28 U.S.C. § 2462 (Time for commencing proceedings). That statute provides in full:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

28 U.S.C. § 2462.

However, Gilbert provides no authority that persuades the Court that the limitations statute applies here. Gilbert relies on *Article II Gun Shop, Inc. v. Gonzales* to show that section 2462 applies to GCA administrative proceedings. *See* 44 F.3d 492, 496 (7th Cir. 2006). However, that case never reached the issue of whether section 2462 applied; the court merely decided that ATF inspections reports from over five years ago could be considered by the court as evidence that Gun World, the plaintiff, had knowledge of the Act's requirements. Other courts have similarly rejected Gilbert's interpretation of *Article II Gun Shop*. *See Barany v. Van Haelst*, No. CV-09-253-RMP, 2010 WL 5071053 at *8 (E.D. Wash. Dec. 6, 2010); *see also Dick's Sport Center, Inc. v. Alexander*, No. Civ. 204CW74482, 2006 Wl 799178 at *5 (noting that the petitioner did not provide and the court did not find any instances in which section 2462 had ever been applied to GCA license revocations).

Moreover, the statute on its face states that it applies only to actions, suits, or proceedings instituted by the United States "for the enforcement of any civil fine, penalty, or forfeiture." 28 U.S.C. §2462. *See 3M v. Browner*, 17 F.3d 1453, 1455-58 (D.C. Cir. 1994). Because Gilbert brought this action rather than the ATF or another federal agency, section 2462 does not apply. *See Erie Basin Metal Products, Inc. v. U.S.*, 150 F. Supp. 561, 566 (Ct. Cl. 1957) ("The limitation of section 2462 applies only to actions instituted by the Government.").

Finally, although the rejection of Gilbert's application for a firearms license may appear as a penalty or forfeiture to him, *see* Doc. No. 21 at 12, the Court regards the ATF's rejection not as a penalty but as a remedial measure meant to protect the public. Gilbert points to *Johnson v. Securities & Exchange Commission*, a case in which the D.C. Circuit held that section 2462 applied to an administrative proceeding by the SEC which resulted in a suspension from acting in a supervisory capacity. 58 F.3d 484, 488 (D.C. Cir. 1996). In that case, the SEC instituted a

disciplinary suspension on a securities industry supervisor, and the court found that such action was not remedial and clearly resembled punishment in the ordinary sense of the word. *Id.*

In this case, on the other hand, ATF did not suspend or revoke Gilbert's license as a punishment but instead refused to grant him a license in the first place -- not as a punishment to Gilbert, but as part of ATF's duty to protect the public by screening applicants whose conduct may pose a safety risk. This comports with the general understanding that "[w]hen a firearms dealer cannot account for guns or fails to ensure that guns are sold to authorized persons, the public safety is directly and meaningfully implicated." *RSM, Inc. v. Herbert*, 466 F.3d 316, 324 (4th Cir. 2006). Also, interpreting ATF denials of license applications as remedial measures rather than penalties upholds ATF's discretion, granted by the Attorney General, to make such determinations based on all the evidence before it. Accordingly, this court declines to interpret 28 U.S.C. § 2462 as barring ATF's ability to consider Gilbert's acts under AAI's license that occurred more than five years ago.

### C. Dispute of Material Facts

Although Gilbert contests the factual basis of some of the violations, ATF's burden does not require that the court sustain every violation in order to uphold the denial. Instead, the denial may be upheld if the record establishes substantial evidence in support of the decision. *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 467 (7th Cir. 1980). Gilbert does not dispute the thousands of violations which occurred from 1984-2000 that served as grounds for ATF's denial. Gilbert does not dispute the 101 violations associated with properly completing form 4473 in violation of 27 C.F.R. § 478.21(a) . Doc. No. 21 at 17.

Additionally, the facts regarding the violations that occurred after 2003 are not in dispute. Gilbert does not contest that he failed to report the theft of 19 firearms, arguing instead that he

had no duty to do so because he did not discover that they were missing. *Id.* at 18. The evidence is not in dispute that Gilbert was on notice that several hundred firearms were stolen from his business in 2003, and that ATF directed him to report the missing firearms. *See* Doc. No. 21 at 25. Although Gilbert was not notified specifically to report the 19 missing firearms, and may not have actually known they were missing, he was effectively put on inquiry notice to inspect his inventory and report all missing firearms pursuant to ATF's 2003 notifications.

Furthermore, Gilbert does not contest the material facts underlying the 2008 transactions found to constitute the purchase or sale of firearms without a license. Instead, Gilbert argues that his employees engaged in the proscribed conduct and that he is not responsible. For the reasons discussed below, the Court rejects this argument.

Accordingly, it is undisputed that substantial evidence exists to support a finding of hundreds of willful violations of the GCA that serve as a valid basis for ATF's denial of Gilbert's license application.

### D. <u>Attribution of previous Willful Violations by AAI to Gilbert</u>

Principally, Gilbert argues that the ATF was not authorized to base its denial of his federal firearms license application on the willful violations that supported revocation of AAI's license, or the subsequent conduct of his employees, because AAI, GIR, and Gilbert's employees are separate entities from Gilbert. ATF responds that Gilbert has consistently stated that he is the sole person in charge of his businesses, and is thus the person responsible for his businesses' GCA violations. ATF contends that the Gun Control Act authorizes the Attorney General to deny an application if the applicant has "willfully violated" any provision of the Act. 18 U.S.C. § 923(d)(1)(C). Specifically, the Act provides in 18 U.S.C. § 923(d)(1):

Any application submitted under subsection (a) or (b) of this section shall be approved if—

(A) the applicant is twenty-one years of age or over;

(B) the applicant (including, in the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership, or association) is not prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under section 922(g) and (n) of this chapter;

(C) the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder;

(D) the applicant has not willfully failed to disclose any material information required, or has not made any false statement as to any material fact, in connection with his application;

In *RSM*, the United States Court of Appeals discussed the standard for determining "willful" within the GCA. The court stated that: "when determining the willfulness of conduct, [a court] must determine whether the acts were committed in deliberate disregard of, or with plain indifference toward, either known legal obligations or the general unlawfulness of the actions." 466 F.3d at 321-322. It clarified that, "a court may infer willful omission from a defendant's plain indifference to a legal requirement to act if the defendant: (1) knew of the requirement; or (2) knew generally that his failure to act would be unlawful." *Id.* at 322. Finally, in applying the "willfulness" standard to the case before it, the court:

> conclude[d] that the long history of repeated failures, warnings, and explanations of the significance of the failures, combined with knowledge of the legal obligations, readily amounts to willfulness as used in 18 U.S.C. § 923(e). While we need not here delineate at

what point in the course of [the petitioner's] repeated failures willfulness could have been inferred, their number and seriousness in this case in the face of repeated warnings undoubtedly satisfy the willfulness requirement.

*Id.*

Similarly, in *American Arms*, the Fourth Circuit found that AAI had acted with "willfulness" by repeatedly violating regulations despite knowledge of them and repeated warnings. *See* 563 F.3d at at 87 ("Plain indifference can be found where nine times out of ten a licensee acts in accordance with the regulations, if he was plainly indifferent to the one-in-ten violation.").

Although Gilbert presents many arguments for why the violations of AAI should not be attributed to him, Gilbert's own representations on his October 20, 2008 firearms license application are reason enough to determine that the violations of Gilbert's businesses should be attributed to him personally, under the language of the GCA. As discussed earlier, Gilbert represented that he had: (1) previously held a firearms license; (2) been an officer in a corporation holding a federal firearms license; and (3) had a federal firearms license revoked. AR at 950. To be eligible for a federal firearms license under the Gun Control Act, "the applicant" must not have "willfully violated any of the provisions of this chapter or regulations issued thereunder." 18 U.S.C. § 923(d)(1). By his own statements in the application, Gilbert directly associated himself with the previous license-holder, AAI, whose license was revoked for willfully violating provisions of the GCA. Therefore, under 18 USC § 923(d)(1), ATF was authorized in denying his application.

Furthermore, the record from the hearing testimony convened after Gilbert's initial denial suggests in other respects that Gilbert's new firearms business would have been closely unified with his previous businesses for which the licenses were revoked (in the case of AAI) or denied

(in the case of GIR). Gilbert's application lists the same address as the address from which Gilbert or his employees sold firearms during the last year of licensed activity. AR at 948. If granted a license, Gilbert would have resumed selling the former inventory of the revoked license and purchasing weapons from some of the same wholesalers. HT at 142.

The various links from AAI to Gilbert's proposed license support the conclusion that AAI's actions, including willful violations of the GCA, are attributable to Gilbert. Therefore, ATF was authorized in denying Gilbert's application. *See Barany v. Van Haelst*, No. CV-09-253-RMP, 2010 WL 5071053 at \*6-7 (E.D. Wash. 2010 Dec. 6, 2010) (affirming denial of a federal firearms license because the business operations of the applicant were "substantially indistinguishable from the firearms business for which the license had been revoked.").

E. Gilbert's Motion for leave to File a Surreply

Unless otherwise ordered by the court, surreply memoranda are not permitted to be filed. Local Rule 105.2(a). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citing *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61(D.D.C. 2001).

Gilbert argues that he is justified in filing a surreply because ATF has raised two new issues in its reply memorandum: (1) new evidence: an affidavit; and (2) extensive case law, especially concerning compliance with Rule 56 and the statute of limitations. Doc. No. 29. However, ATF's affidavit merely synthesized information already discussed extensively in Gilbert's filings, Doc. No. 1 at 6; Doc. No. 21 at 25, and already known to the Court and available in the administrative record. *See* HT at 65-70, 91; *see also* AR at 9, 576-589. This affidavit does not address a new matter.

Likewise, the issue of compliance with Rule 56 under 18 U.S.C. § 923(f) (3), the statute governing review in this case, was raised by ATF in its initial motion for summary judgment. Doc. No. 13 at 4-5. In ATF's reply to Gilbert's opposition brief, ATF merely expounded on this issue in response to Gilbert's argument that the administrative record was inadmissible. Doc. No 27 at 2-7. Gilbert had the opportunity to support his position in his opposition brief; a surreply would not provide Gilbert with his first chance to address this issue. Finally, the statute of limitations issue was raised first by Gilbert in his Petition for judicial Review, Doc. No. 1 at 6, contested and briefed thoroughly by ATF in its motion for summary judgment, Doc. No. 13 at 29-33, and also thoroughly addressed by Gilbert in his opposition brief, Doc. No. 21 at 9-15. Because none of these issues were new matters raised in ATF's reply, the Court will therefore deny Gilbert's motion for leave to file a surreply.

I.  **Conclusion**

For the reasons stated above, ATF's motion for summary judgment, Doc. No. 13, will be GRANTED, and Gilbert's motion for leave to file a surreply, Doc. No. 29, will be DENIED. A separate order will follow.

August 22, 2011
Date

/s/
Alexander Williams, Jr.
United States District Judge